**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20124-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| ISHA JACKSON, | ) | No. 16-2457-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

On March 23, 2010, the Court sentenced defendant to 142 months in prison. This matter is before the Court on defendant's <u>Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255(f)(3)</u> (Doc. #57) filed June 23, 2016, defendant's <u>Motion For Expedi[ted] Consideration Of 2255 Motion</u> (Doc. #63) filed November 1, 2016, defendant's <u>Motion For Appointment Of Counsel</u> (Doc. #64) filed December 9, 2016 and defendant's <u>Motion For Ruling On Movant's 2255 [Motion] Filed With This Court</u> (Doc. #65) filed December 13, 2016. For reasons stated below, the Court overrules defendant's motions and denies a certificate of appealability as to the ruling on his Section 2255 motion.

### **Factual Background**

On October 7, 2009, a grand jury charged Isha Jackson with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). <u>See</u> <u>Indictment</u> (Doc. #11). On December 8, 2009, without a plea agreement, defendant pled guilty to both counts. On March 23, 2010, the Court

sentenced defendant to 142 months in prison.[1] Defendant appealed. On November 19, 2010, the Tenth Circuit Court of Appeals affirmed.

On June 23, 2016, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Defendant asserts that under Johnson v. United States, 135 S. Ct. 2551 (2015), he is entitled to a reduced sentence.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant argues that he is entitled to relief under Johnson, which the Supreme Court decided less than one year before he filed his Section 2255 motion. In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. 135 S. Ct. at 2557-60, 2563; see Welch v. United States, 136 S. Ct. 1257, 1260-61 (2016).

### I. Procedural Bars

The government asserts that because defendant's claim is not based on Johnson, it is barred as untimely.[2] See Government's Response To Defendant's Motion To Vacate Sentence (Doc. #61)

---

[1] The Court sentenced defendant to 58 months in prison on the armed bank robbery count and 84 months on the firearm count, with the terms to be served consecutively.

[2] The government also asserts that defendant's motion is barred because he did not raise the claim on direct appeal. Because the Court finds that defendant's motion is untimely and lacks substantive merit, the Court need not address this additional procedural bar.

-2-

filed July 22, 2016 at 4. Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. When defendant has filed an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court ruling. Clay v. United States, 537 U.S. 522, 524-25 (2003). Here, the Tenth Circuit issued its mandate on November 19, 2010. The deadline to file a petition for certiorari expired on or about January 27, 2011, i.e. 69 days after the appellate court issued its mandate. See id. Therefore defendant had until January 27, 2012 to file a motion to vacate under Section 2255.

Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant asserts that the right recognized in Johnson under the residual clause of Section 924(e)(2)(B)(ii) should also apply to his conviction under Section 924(c)(3) which contains a similar residual clause. Under Section 924(c)(3), a crime of violence is defined as an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (residual clause). 18 U.S.C. § 924(c)(3). Defendant argues that because the residual clause in Section 924(c)(3)(B) is similar to the unconstitutionally vague residual clause in Section 924(e)(2)(B)(ii), the Court should vacate his conviction. The Supreme Court, however, has not decided whether the Johnson rationale applies to Section 924(c)(3)(B) and if it does, whether

the new rule would apply retroactively on cases on collateral review. See In re Fields, 826 F.3d 785, 787 (5th Cir. 2016); United States v. Bowen, No. 05-CR-00425, 2017 WL 131794, at *4-5 (D. Colo. Jan. 12, 2017) (right recognized in Johnson limited to specific language in § 924(e)(2)(B)(ii)).

Because the Supreme Court has not addressed whether Johnson applies to the residual clause of Section 924(c)(3)(B), and defendant has not alleged other grounds to toll the one-year deadline, the Court overrules as untimely his claim under Johnson.

## II.    Substantive Merit

Defendant's motion also lacks substantive merit because armed bank robbery qualifies as a "crime of violence" under the elements clause of Section 924(c)(3)(A). Under this section, a crime of violence is defined as an offense that is a felony and "has an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. Defendant pled guilty to armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), as well as brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

To determine whether armed bank robbery is a "crime of violence" under the elements clause of Section 924(c)(3)(A), the Court applies the modified categorical approach. United States v. Hullum, No. 16-cv-01532-DME, 2016 WL 7178312, at *4 n.5 (D. Colo. Dec. 9, 2016) (Ebel, J.) (citing Mathis v. United States, 136 S. Ct. 2243, 2256 (2016)). Under this approach, the Court must determine whether defendant was convicted under a version of the bank robbery statute which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. at *4 (citing 18 U.S.C. § 924(c)(3)(A)). As part of this inquiry, the Court examines the indictment and plea agreement for the underlying offense. Id.

The federal armed bank robbery statute, Section 2113(a), presents a divisible statute because

-4-

it includes two alternative versions of the offense, each with its own set of elements. Id. One set of elements requires proof of a forceful or violent taking of property from a bank, and the second merely requires entry into a bank with the intent to commit a felony or larceny affecting that bank. 18 U.S.C. § 2113(a). Here, defendant was convicted of armed robbery based upon the first set of elements, i.e. forceful or violent taking of property from a bank. See Indictment (Doc. #11); Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #22) filed December 8, 2009, ¶ 5. Because the first set of elements involves the use, attempted use, or threatened use of physical force against the person or property of another, defendant's conviction was a "crime of violence" under the elements clause of Section 924(c)(3)(A). Hullum, 2016 WL 7178312, at *4-5 (aiding and abetting armed bank robbery in violation of Section 2113(a) and (d) is crime of violence under elements clause); see In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (armed bank robbery in violation of Section 2113(a) and (d) is crime of violence under elements clause); United States v. Armour, 840 F.3d 904, 907-09 (7th Cir. 2016) (robbery by intimidation under Section 2113(a) and robbery by assault with dangerous weapon or device under Section 2113(d) both constitute crimes of violence under the elements clause); United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (bank robbery under Section 2113(a) is crime of violence under elements clause).

Even if defendant could somehow show that his conviction is invalid under the elements clause, he has not shown that the residual clause of Section 924(c)(3)(B) is unconstitutionally vague based on Johnson. As noted, Johnson found that the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was void. Several courts have held that the reasoning of Johnson does not necessarily establish that the residual clause of Section 924(c)(3)(B) is unconstitutionally vague. See United States v. Prickett, 839 F.3d 697, 699-700 (8th Cir. 2016); United States v. Hill, 832 F.3d

135, 137, 145-50 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016); United States v. Fox, 650 F. App'x 734, 737-738 (11th Cir. 2016).

In sum, because defendant's conviction for armed bank robbery qualifies as a "crime of violence" under the elements clause of Section 924(c)(3)(A), and the Supreme Court has not extended Johnson beyond the residual clause in Section 924(e)(2)(B), Johnson has no potential impact in this case. Accordingly, the Court overrules defendant's motion to vacate his sentence based on Johnson.

## Motion To Appoint Counsel

Defendant seeks counsel to assist with his motion to vacate. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Applying these factors, defendant is not entitled to counsel. As explained above, defendant's claim is procedurally barred and lacks substantive merit. Moreover, defendant's claim is not particularly complex factually or legally and he is able to adequately present his claim. The Court therefore overrules defendant's motion to appoint counsel.

## Conclusion

Defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v.

Cervini, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing required only if "petitioner's allegations, if proved, would entitle him to relief" and allegations not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255(f)(3) (Doc. #57) filed June 23, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

(Doc. #64) filed December 9, 2016 is **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Expedi[ted] Consideration Of 2255 Motion (Doc. #63) filed November 1, 2016 and defendant's Motion For Ruling On Movant's 2255 [Motion] Filed With This Court (Doc. #65) filed December 13, 2016 are **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 29th day of June, 2017 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge